Receipt number AUSFCC-6095961

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**Bid Protest**

|  |  |  |
|---|---|---|
| **PERIMETER SECURITY PARTNERS, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. __20-401 C__ |
| | ) | |
| **THE UNITED STATES**, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT**

Perimeter Security Partners, LLC ("PSP"), by and through its undersigned counsel,

alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action for a declaratory and injunctive relief pursuant to the Tucker Act,

28 U.S.C. S 1491(b).

2.      By this action, PSP seeks declaratory judgment and injunctive relief against

Defendant United States, acting through the U.S. Army Corp of Engineers – Huntsville (the

"Agency"), prohibiting the Agency from enacting contract Award ID W912DY20F0213 in

violation of Competition in Contracting Act, ("CICA"), 31 U.S.C. § 3553(d).

3.      In 2019, the Agency solicited and held competition for Request for Quote

W912DY19R0106 (the "RFQ"), which was awarded to PSP. An unsuccessful bidder, Brooks

Range Contract Services, Inc. ("BRCS"), protested that award to the Agency, which was denied

and then protested in this Court. After remand, the Agency negotiated with BRCS and Signet

Technologies, Inc. ("Signet") and awarded BRCS and Signet new contracts without solicitation

or competition. The Agency delivered to PSP a "Notification of Unsuccessful Offer" for the

RFQ, and further provided that BRCS and Signet had been awarded new contracts with a

different solicitation number, base year, and option year periods.

4.      Despite the Agency's Notification of Unsuccessful Award sent to PSP regarding a

solicitation and award for a contract that PSP had been performing for several months, the

Agency informed PSP that it would not be terminating PSP's contract and awarding the same

contract, but was awarding a new and different contract. The Agency acted arbitrarily and

capriciously by conducting a sole-source procurement in violation of the Competition in

Contracting Act ("CICA") by failing to hold competitive procedures for a new contract for the

work that had already been awarded to PSP.

## THE PARTIES

5.      Plaintiff PSP is a corporation organized under the laws of the State of Tennessee,

with its principal place of business in Brentwood, Tennessee.

6.      The defendant is the United States of America, acting by and through the U.S.

Army Corp of Engineers – Huntsville, Alabama.

## JURISDICTION AND STANDING

7.      This Court has jurisdiction of this bid protest pursuant to the Tucker Act, 28

U.S.C. § 1491(b), which states that this Court "shall have jurisdiction to render judgment on an

action by an interested party . . . to a proposed award or the award of a contract or any alleged

violation of statute or regulation in connection with a procurement or a proposed procurement."

8.      This Court has jurisdiction of this bid protest pursuant to 41 U.S.C. §

4106(f)(1)(B) as the order is valued in excess of ten million dollars ($10,000,000).

9.      PSP, the successful incumbent, is the awardee of Solicitation No. W912DY19R0106, the contract that precedes Solicitation No. GS-06F-0013R W912DY20F0213 awarded to BRCS, and Solicitation No. GS-07F-0322T W912DY20F0213 awarded to Signet Technologies, Inc. ("Signet") (together the "Awardees"). But for the arbitrary and capricious actions of the Agency, PSP would have had a substantial chance at receiving the award of Contract No. GS-06F-0013R W912DY20F0213 and No. GS-07F-0322T W912DY20F0213, newly formed contracts arbitrarily and capriciously formed and sole source awarded to the Awardees by the Agency.

## STATEMENT OF THE FACTS

10.     RFQ W912DY19R0106 (the "RFQ") was issued on August 12, 2019.

11.     PSP timely submitted a Quote in response to the RFQ.

12.     On September 24, 2019, PSP was notified that PSP was the apparent awardee for the RFQ. The Effective Date of the award was September 25, 2019.

13.     On December 02, 2019, BRCS, after having a protest denied by the Agency, filed two separate Bid Protests in this Court. The first Bid Protest protested the award of the RFQ to PSP, and the second protested the award of a nearly identical solicitation to Low Voltage Wiring, Ltd. ("LVW"). On that same day, BRCS also filed a "Notice of Directly Related Cases," wherein BRCS argued that the two separate Bid Protests should be combined based upon their similarities. The Court combined the two Bid Protests into a singular protest on December 5, 2019 due to the nearly identical solicitations and nearly identical proposals whose sole difference appears to have been the region in which the work took place.

14.     On December 6, 2019, LVW filed a Motion to Intervene in the case, and, despite opposition from BRCS, was permitted to intervene. PSP was assured by the Agency, that had

3

previously found BRCS to be technically unacceptable and had denied an Agency level protest

on the same grounds, that there was no need for worry as the protest would be denied.

15.     On December 26, the Agency filed a Motion for Voluntary Remand for the bid

protest to the Agency so that the Agency might "reconsider its award decisions in light of the

issues raised by BRCS in its complaints." *See* Ex. 1 at 4.[1] The Agency stated further that while it

"may wish to conduct limited communication exchanges with BRCS and possibly other

offerors," the Agency "does not intend to conduct discussions or accept proposal revisions in

connection with the [RFQ]." *Id*. at 4.

16.     On January 10, upon motion by the Agency, this Court allowed that the protest be

remanded to the Agency. In its Order, the Court stated: "[Agency] identifies two specific issues

it wishes to reconsider: whether it should have 'disqualified [BRCS] because it was missing

pricing information for three personnel that BRCS priced at no cost to the Government,' and

whether it 'improperly evaluated [BRCS]'s GSA pricing.'" *See* Ex. 2 at 9.

17.     On information and belief, the Agency conducted discussions only with the

Awardees, and provided the Awardees the opportunity to submit a revised proposal. On

information and belief, the Agency used the Awardees' revised proposal to award the Awardees

entirely new, separate contracts from that awarded to PSP, without any justification for sole

sourcing the award.

18.     On March 20, 2020, after months of dutifully performing its obligations under the

contract, PSP received an email from the Contracting Officer explaining that BRCS filed a

protest at the Court of Federal Claims.

---

[1] All exhibit citations are to the "PSP-COMPL-#" number printed at the bottom of each exhibit page (not to the page numbers from the original document).

19.     As of a result of that protest, the Agency informed PSP that it requested

clarifications from BRCS and reevaluated the proposal they submitted. Further, the Agency

sought additional clarification from BRCS and from this additional clarification the Agency

concluded that BRCS had the lowest price technically available offer.

20.     Although in February PSP was notified that the Agency was solicitating new

proposals from all offerors, that was subsequently canceled and at no point during the above

process was PSP provided an equal opportunity to participate in any discussions for this new

solicitation and award.

21.     PSP was informed in the March 20, 2020 email that BRCS would begin a new

contract, after the conclusion of the base period of the contract awarded to PSP. The Agency

informed PSP that it would not be exercising PSP's option year and would instead be awarding

the new contract from that day on to BRCS with a different period of performance than that

advertised in the RFQ.

22.     On March 24, 2020, via email, the Contracting Officer stated that the contract to

BRCS would be awarded on March 25, 2020.

23.     On March 27, 2020, PSP, after requesting that the Agency provide formal notice

pursuant to the FAR, received a Notification of Unsuccessful Offer for the Solicitation that it had

been performing for over six months. PSP was informed that the Agency would not be

terminating its contract, and that PSP would continue to perform "the work it was previously

awarded through the base term of the contract which is 14 June 2020." *See* Ex. 3 at 11. In this

notification, the Agency erroneously cited FAR 15 as opposed to the correct citation, FAR 8. In

the Notification, the Agency provided that Signet, a company previously unheard of in the

context of the RFQ, that had not protested the award to PSP, had also received an award for this new work with new period of performance.

24.     When questioned why there were two awards and the second to a large business, Signet, the Agency explained Signet was receiving an award through a Contractor Teaming Arrangement, and that Signet would therefore be in privity of contract with the Government alongside BRCS.

25.     Three days later, at PSP's request, the Agency provided PSP with a Brief Explanation. In the Brief Explanation, the Agency reiterated that PSP would continue performance until June 14, 2020 and stated further that, as part of the corrective action taken, "the re-evaluation had to include the base period and the 4 option years." *See* Ex. 4 at 15.

26.     The Agency awarded a new contract, with a new base year and additional option years, to the Awardees, on a sole-source method in violation of CICA's requirement for "full and open competition through the use of competitive procedures." 10 U.S.C.A. § 2304(a)(1)(A).

## COUNT I

### The Agency's Decision was Arbitrary, Capricious, and an Abuse of Discretion

27.     PSP incorporates by reference paragraphs 1 through 26 as if fully stated herein.

28.     PSP and BRCS both submitted proposals for Solicitation No. W912DY19R0106. BRCS was disqualified from the solicitation for failure to follow the terms of the solicitation and being technically unacceptable. Specifically, BRCS failed to submit required pricing, specifically failing to submit required pricing for labor categories contrary to the terms of the solicitation.

29.     PSP was awarded the solicitation based upon the Agency's finding that PSP's offer was the lowest price technically available. PSP began performance on Solicitation No. W912DY19R0106 immediately upon award.

30.     During the Court of Federal Claims Bid Protest filed by BRCS, the Agency filed a

Motion for Voluntary Remand, requesting the Court remand the protest so that the Agency could

conduct corrective action. The Court granted the Agency's motion.

31.     On information and belief, despite stating they had no plans to conduct

discussion, the Agency entered into discussions with the Awardees, and allowed the Awardees to

submit a revised proposal that went beyond the scope of clarifications and amounted to a new

proposal for a new contract.

32.     Contrary to the Agency's claim that "the re-evaluation had to include the base

period and the 4 option years" there is no legal basis for this clam and this is a new award for a

period of performance that was not fairly and openly competed. *See* Ex. 4 at 15.

33.     As a result of the Agency's actions in violation of the law, the Agency awarded a

new solicitation, new contract, with a new base year period of performance and new option

years, with new contract numbers, to the Awardees.

34.     Although the two solicitations were nearly identical, only dealing with different

regions, and the two quotes by BRCS were nearly identical, as evidenced by BRCS claim that

they were directly related cases, the award to LVW was left while a new contract was negotiated

with the work being performed by PSP in what appears to be a negotiated settlement meant to

appease BRCS by giving them one of the two contracts BRCS protested.

35.     While the narrative the Agency has attempted to paint suggests that the Agency is

correcting a mistake it had made earlier, this is simply not accurate. Instead, the Agency

effectively created a new contract, negotiated revised proposals, then awarded those contracts

through sole-sourced methods, without competition as required by CICA.

36.     The Agency erroneously applied the competition for Solicitation No.
W912DY19R0106, awarded fairly to PSP, to Solicitation No. GS-06F-0013R W912DY20F0213
and Solicitation No. GS-07F-0322T W912DY20F0213, and awarded contracts contrary to
relevant law and regulation.

37.     PSP was prejudiced by the Agency's unreasonable actions, as had the Agency
opened Solicitation No. GS-06F-0013R W912DY20F0213 and Solicitation No. GS-07F-0322T
W912DY20F0213 for the new work and previously unawarded period of performance to
competition, as opposed to awarding it to the Awardees via sole-source method, PSP would have
had a substantial chance of receiving the award.

38.     Based on the foregoing, the Agency's decision to award the Solicitation to BRCS
and Signet for work and a period of performance not competed pursuant to the law was arbitrary,
capricious, and an abuse of discretion.

**PRAYER FOR RELIEF**

**WHEREFORE**, PSP respectfully requests that the Court declare the Agency's actions
arbitrary and capricious.

Specifically, PSP requests and prays that the Court:

(a)     Declare that the Agency's decision to award to BRCS and Signet was arbitrary
and capricious; and

(b)     Terminate Contracts GS-06F-0013R W912DY20F0213 and GS-07F-0322T
W912DY20F0213 and affirm Contract No. W912DY9R0106, awarded to PSP, including all
option years; and

(c)     Provide such other relief that the Court finds to be just and proper.

[signature on following page]

8

**DATE:** April 7, 2020                                   **/s/ Lee Dougherty**

Lee Dougherty
EFFECTUS PLLC
1101 Connecticut Ave NW, Suite 450
Washington, DC 20036
Tel: (202) 888-2104
Fax: (202) 509-0262
ldougherty@effectus.legal

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of April, 2020, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record who are registered with the Court's CM/ECF system.

**/s/ Lee Dougherty**